MEMORANDUM **
Zhilin Han, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of his appeal from an Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.
In his applications for asylum and withholding of removal, Han claimed that he was subject to past persecution in China because he refused to accede to local government officials’ demands for money. Substantial evidence supports the BIA’s finding that Han failed to establish the requisite nexus between the harm he suffered or feared and a statutorily protected ground. See 8 U.S.C. § 1101(a)(42)(A); INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Even if the local officials’ demands were bribes, rather than lawful tax collection efforts, the record supports the BIA’s conclusion that Han refused to pay the bribes because he was unable to, not because he was opposed to corruption. Indeed, Han had willingly paid bribes for five years before he could no longer afford to meet the local officials’ increasing demands.
The BIA’s rejection of Han’s claim that he was a whistleblower of government eor-ruption is also supported by substantial evidence. Han provided no evidence that anyone ever received his letter to the vice mayor of Guilin, that the local officials knew of the letter, or that the local officials intended to persecute Han because of the letter. Even if Han had offered evidence that his letter had been received, the letter’s content did not expose or complain of government corruption. Cf., e.g., Baghdasaryan v. Holder, 592 F.3d 1018, 1024 (9th Cir.2010) (finding a political opinion based on whistleblowing where an applicant filed a complaint with a judge, organized his fellow business owners at a market, and held successful rallies and strikes to publicize and fight a government official’s extortion demands). Instead, Han’s letter reported only the new governor’s “excessive” demands that Han believed were a form of personal retribution. But purely personal retribution is not persecution on account of political opinion. See Grava v. INS, 205 F.3d 1177, 1181 n. 3 (9th Cir.2000). Thus, the BIA correctly concluded that any mistreatment Han suffered was not on account of political opinion.
Finally, Han waived any claim for CAT relief by failing to raise it in his opening brief before us. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (“[0]n appeal, arguments not raised by a party in its opening brief are deemed waived.”). Even assuming that Han did not waive his CAT claim, substantial evidence supports the BIA’s determination that Han failed to establish eligibility for CAT relief. See 8 C.F.R. § 1208.16(c).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.